## DEARY RANOLS v. THE STATE.

### No. 3356. Decided December 16, 1914.

**1.—Carrying Pistol—Name of Defendant—Variance.**

Where defendant was commonly known under the name by which he was indicted, and no other name was suggested, there was no variance, although his real name was other than alleged.

**2.—Same—Insufficiency of the Evidence—Requested Charges.**

Where, upon trial of unlawfully carrying a pistol, the State's witnesses testified that the defendant admitted that he was the man who fired the pistol, but defendant testified denying such admission and that he stood in his door and fired his pistol after the other shooting had taken place, about which the State's witnesses testified, the court should have submitted defendant's theory of defense, and a failure to do so was reversible error.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. R. Cousins,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and prosecutes this appeal.

One complaint made is, that appellant's real name is Randall and not Ranols. Our Code provides that if a person is indicted by the wrong name he can suggest that fact to the court, when his real name will be substituted. Appellant was commonly known as Ranols, and the fact that his real name was Randall presents no variance.

There are a number of bills of exception in the record, but only one of them presents error, and we do not deem it necessary to discuss the others. The State's evidence would show that the officers heard and saw a pistol being fired; that four men were in the crowd, and they ran to the railway camp; that appellant afterwards admitted to the officers that he was the man who fired the pistol.

On the trial of the case defendant testified in his own behalf and denied making the confession or admission testified to by the officers. He says he was not one of the four men who fired the pistol and whom the officers saw running; that he was in his camp, and when he heard the shooting he ran to his door, and did not go out of his door, but says he stood in his door and fired his pistol after the other shooting had taken place. With the evidence in this condition, he requested the court to instruct the jury:

"In this case the defendant has testified that he did have a pistol and that he shot the same on the steps of the boarding car where he was living and that he did not have a pistol at any other place.

"You are charged that if you believe he did have a pistol but that he did not carry it away from the boarding cars then he would not be guilty of the offense charged, and the burden of proof is on the State to prove beyond a reasonable doubt that defendant's explanation is false and unless it does so prove you will acquit the defendant."

This presented his defensive theory, and the court should have submitted that issue to the jury. The defendant excepted to the failure of the court to give this charge, and the failure to present his defensive issue in the charge as given. Under our law, where the evidence offered in behalf of a defendant presents a defensive issue, he is entitled to have it submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*